**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 6, 2021[*]
Decided October 7, 2021

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 21-1228

| | |
|---|---|
| GWENDOLYN PERRY, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 20 C 6248 |
| CITY OF HARVEY, et al., *Defendants-Appellees*. | Matthew F. Kennelly, *Judge*. |

**O R D E R**

Gwendolyn Perry, a Black senior citizen with a disability, appeals the dismissal of her civil-rights complaint regarding a violent burglary at her home in the City of

---

[*] The appellees were not served with process and are not participating in this appeal. We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Harvey. The district court dismissed the complaint for failure to state a claim. We affirm.

In her complaint, Perry said that she was badly injured after a man broke into her home, demanded money, and struck her with an object. She alleged that her son found her bleeding from her head and called the police, who came and investigated the scene. Perry was taken to the hospital for treatment. Believing that the police could have prevented the crime by periodically checking on her, Perry sued the City, the mayor, and the police superintendent for violations of her due-process and equal-protection rights, *see* 42 U.S.C. § 1983, as well as state law.

The district court screened her complaint under 28 U.S.C. § 1915(e)(2) and dismissed it for failure to state a claim. With regard to her due-process claim, the court explained that the Constitution imposes no independent duty upon local authorities to protect individuals from private violence. And she did not state an equal-protection claim, the court added, because she had not alleged that the City selectively denied services to her based on her race, age, or disability. The court then declined to exercise supplemental jurisdiction over her remaining state-law claims.

On appeal, Perry generally challenges the district court's conclusion that the police's failure to protect her did not violate her constitutional rights. But the district court was correct that local authorities' failure to protect individuals against private violence does not violate the Due Process Clause. *DeShaney v. Winnebago Cnty. Dep't of Social Servs.*, 489 U.S. 189, 197 (1989). Likewise, the Equal Protection Clause does not entitle individuals to police protection. *Hilton v. City of Wheeling*, 209 F.3d 1005, 1007 (7th Cir. 2000). Although the government may not selectively deny protective services to disfavored groups, *DeShaney*, 489 U.S. at 197 n.3; *McCauley v. City of Chicago*, 671 F.3d 611, 618–19 (7th Cir. 2011); *Hilton*, 209 F.3d at 1007, Perry has not plausibly suggested that the City has such a policy or practice; indeed, she asserts only that she was not afforded special protection in the form of preventative check-ins.

Perry's remaining arguments also fail. She now asserts, for the first time, that the police violated her constitutional rights by waiting to summon medical care. But she waived this argument by not raising it in the district court, *see Johnson v. Dominguez*, 5 F.4th 818, 826 (7th Cir. 2021), and, regardless, she did not allege facts to plausibly suggest any violation of her due-process or equal-protection rights. Perry also disagrees with the district court's decision not to consider her state-law claims. But a district court may decline to exercise supplemental jurisdiction when, as here, it has dismissed all

claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Coleman v. City of Peoria*, 925 F.3d 336, 351–352 (7th Cir. 2019).

One final note. Generally, a district court should give plaintiffs at least one opportunity to amend a deficient complaint. *Runnion ex rel. Runnion v. Girl Scouts*, 786 F.3d 510, 519–20 (7th Cir. 2015). But because any amendment in this case would be futile, failure to provide an opportunity to amend was not an abuse of discretion. *See id.* at 518.

AFFIRMED